IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT FRIAR                                                                                        PETITIONER

v.                                         NO. 5:17-cv-00189 DPM/PSH

WENDY KELLEY, Director of the                                                          RESPONDENT
Arkansas Department of Correction

<u>FINDINGS AND RECOMMENDATION</u>

<u>INSTRUCTIONS</u>

  The following proposed Findings and Recommendation have been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

I. STATE COURT PROCEEDINGS. The record reflects that petitioner Robert Friar ("Friar") was charged with multiple felonies in Jackson County Circuit Court. The facts giving rise to the charges were summarized as follows by the Arkansas Supreme Court:

> … Delana Aguirre and her children lived in a duplex in the Crossroads area of Newport, Arkansas, with her sister and her mother, Leslie Curl. During the early morning hours of February 27, 2013, Friar fired seven shots from outside the home through the window of Aguirre's bedroom where she had retired for the evening with two of her children. Aguirre survived three gunshot wounds—one to her back, one to her buttocks, and another to her arm. Unfortunately, Aguirre's twenty-month-old daughter, Tacquari, perished after being struck by a single bullet. Aguirre's other child was unharmed.
>
> According to the testimony, Friar and Aguirre had been dating for seven months, and the relationship had become volatile. Aguirre testified that Friar had physically abused her, saying that he had choked her, had struck her with a closed fist, and once had hit her with a belt buckle. She also testified that Friar had threatened her life and the lives of her children and her mother. On the evening of the shooting, Friar sent Aguirre an ominous text message saying, "YEA I WILL HAVE THE LAST SAY SO U N UR MOM TELL D KIDS U LOVE THEM." At 2:32 a.m., mere seconds before the shots rang out, Friar placed a cellular phone call to Aguirre, wherein he said something that she could not understand, and then disconnected the call. Aguirre testified that she was sitting on her bed smoking a cigarette when Friar called and that the light from her phone was shining in the direction of the window.
>
> The testimony also established that Friar was in close proximity to Aguirre's home at the time of the shooting. Friar lived with his mother near Garfield Street, which was at least a couple of miles from Aguirre's residence. However, that morning he had been riding in a vehicle with Bobbie Woodruff, who parked beside her aunt's house, which was near Aguirre's duplex. Bobbie testified that Friar got out of the vehicle to relieve himself; that he did not return to the vehicle; and that she picked him up a short while later around the corner from where she had parked. The evidence showed that Friar and Woodruff exchanged text messages and phone calls within minutes of the shooting and before they reconnected.

> Officers arrested Friar that morning at 4:12 a.m. on Garfield Street and transported him to the Jackson County Sheriff's Office. During the booking process, officers seized Friar's clothing and his cell phone. At that time, Friar was heard to say, "Baby mama drama. It is what it is." That morning, agents of the Arkansas State Police attempted to question Friar, but Friar refused to speak with them. However, later that morning, Friar gave a statement to an officer with the Newport Police Department, and the agents from the state police subsequently interviewed Friar twice that same day. In his three statements, Friar denied that he had been involved in the shooting.

See Friar v. State, 2016 Ark. 245, 2016 WL 3346565, 1-2 (2016). Friar was subsequently convicted of the charges and sentenced to the custody of respondent Wendy Kelley ("Kelley").

Friar appealed his conviction and raised three claims. First, he maintained that the state trial court erred when it denied his motion to suppress. The state Supreme Court observed that the claim was "multifaceted" and included the following parts:

> ... Friar contends that there was no probable cause for his warrantless arrest, which requires the suppression of his statements and of the evidence collected from his clothing and his cell phone. [Footnote: A small amount of gunshot residue was found on Friar's clothing.] In addition, Friar argues that the [state trial court] should have suppressed his statements because the police failed to honor his requests for an attorney and to remain silent. He also asserts that his statements were not voluntarily given but were instead the product of coercion, intimidation, deception, and ignorance.

See Id., 2016 WL 3346565, 2. Second, Friar maintained that the state trial court erred when it granted a motion in limine to exclude testimony "that a third person had confessed to the crimes." See Id. at 7. Last, Friar maintained that the state trial court erred when it refused to give lesser-included instructions. The state Supreme Court found no reversible error and affirmed his conviction.

3

Friar then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 petition"). He represented that he raised "claims of ineffective counsel and other assertions having merit" in the petition. See Docket Entry 7 at CM/ECF 1. The state trial court denied the petition as untimely and did not address the merits. See Friar v. State, 2018 Ark. 276, 2018 WL 4783796 (2018).

Friar attempted to appeal the denial of his Rule 37 petition, but a timely notice of appeal was never filed. The records maintained by the state Supreme Court reflect that on June 27, 2017, he filed a motion for belated appeal. On November 30, 2017, the motion was granted. On October 4, 2018, the state Supreme Court affirmed the denial of his Rule 37 petition and gave the following reasons for doing so:

> In his brief, Friar does not argue that the trial court erred in ruling that his petition was untimely filed. Indeed, the argument section of his brief is composed mainly of a photocopy of his Rule 37 petition. This court will not make an appellant's argument for him, nor raise an issue sua sponte unless it involves the jurisdiction of this court to hear the case. … We may also review a void or illegal judgment sua sponte. … Actions taken by a court without jurisdiction are null and void. … Thus, we may raise the issue of whether the trial court lacked jurisdiction to enter the order on appeal sua sponte.
>
> The timeliness of a postconviction petition is jurisdictional. … Here, the trial court dismissed the petition as untimely, which would deprive it of jurisdiction to consider the petition. Under these circumstances, the circuit court clearly had jurisdiction to enter the order dismissing the petition; therefore, the question is not whether the trial court's action is void, but whether it is correct. As this case does not present a potential improper exercise of jurisdiction by the trial court, we are not obliged to raise the issue of the trial court's jurisdiction on our own. Because Friar has failed to challenge the basis for the circuit court's dismissal of his petition on appeal, the order dismissing the petition is affirmed.

See Id., 2018 WL 4783796, 2.

II. FEDERAL COURT PROCEEDINGS. On July 21, 2017, or after Friar filed his motion for belated appeal but before the motion was granted, he began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. The petition set forth no claims or facts. He simply attached the one-page "Points on Appeal" section of his brief from the direct appeal of his conviction. The document contained the following claims:

> 1. The state trial court erred by denying Friar's motion to suppress evidence and statements because:
>
>    A. There was no probable cause for his warrantless arrest.
>
>    B. The police officers violated his right to counsel by ignoring his repeated requests for an attorney and violated his right to remain silent by failing to prove that his waiver was voluntary and knowing.
>
> 2. The state trial court erred by granting a motion in limine to exclude testimony that a third person had confessed to the crimes.
>
> 3. The trial court erred by failing to give any lesser included instructions.

See Docket Entry 2 at CM/ECF 16.

Kelley filed a response to the petition on September 1, 2017. In the response, Kelley maintained that Friar is not entitled to relief for the following reasons: 1) the petition contains no facts; 2) to the extent the petition contains facts, the claims are not cognizable in federal court; 3) the claims are procedurally barred from federal court review; and 4) the state court's determination of the claims is entitled to deference.

The undersigned thereafter accorded Friar an opportunity to file a reply to Kelley's response. In the order apprising Friar of that opportunity, the undersigned made the following observations and added a word of caution:

> The [undersigned] has only briefly reviewed Friar's petition. The claims he raised in his direct appeal are the claims he now raises in this petition. It is readily apparent that he has alleged few, if any, facts in support of his claims. Instead, he simply attached a portion of his brief from his direct appeal.
>
> ...
>
> Friar should ... review his petition and determine whether it contains all of the facts he wishes to allege. Although he is not required to amend his petition to allege additional facts, if he desires to do so, he should do so by the close of business on October 9, 2017.

See Docket Entry 6 at CM/ECF 1-2.

Friar subsequently filed a motion to stay. In the motion, he asked that this case be stayed while his motion for belated appeal was pending before the state Supreme Court. The motion to stay was granted, and this case was stayed on January 8, 2018, pending the final disposition of the proceeding before the state Supreme Court. The undersigned noted that after the final disposition of that proceeding, Friar would be given an opportunity to amend the petition at bar and raise any additional claims.

After the state Supreme Court proceeding was resolved, the undersigned lifted the stay and gave Friar up to, and including, December 5, 2018, to choose one of the following three options:

    1) File an amended petition. He was cautioned that if he elected to do so, the amendment should include all the facts he wished to allege.

    2) File a reply to Kelley's September 1, 2017, response.

    3) Do nothing and have the undersigned make a recommended disposition based solely on Friar's petition and Kelley's response.

See Docket Entry 13.

Prior to December 5, 2018, Friar filed a motion for extension of time. The motion was granted, and Friar was given up to, and including, January 7, 2019, to again choose one of the following three courses of action:

1) File an amended petition. He was cautioned that if he elected to do so, the amendment should include all the facts he wished to allege.

2) File a reply to Kelley's September 1, 2017, response.

3) Do nothing and have the undersigned make a recommended disposition based solely on Friar's petition and Kelley's response.

January 7, 2019, has now come and gone, and Friar has done nothing. He did not file an amended petition nor did he file a reply to Kelley's September 1, 2017, response. Given Friar's inaction, he is deemed to have chosen the third course of action, i.e., do nothing and have the undersigned make a recommended disposition based solely on Friar's petition and Kelley's response. The undersigned now issues a recommended disposition in this case.

III. FRIAR'S FAILURE TO ALLEGE FACTS TO SUPPORT HIS CLAIMS. Rule 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a petition must "state the facts supporting each ground." The extent to which a petitioner must allege facts in support of his claims is not great; he must simply allege the "factual underpinnings" of his claims. See McFarland v. Scott, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part and dissenting in part). "Courts routinely dismiss claims that are merely conclusory and speculative." See Wallace v. Hobbs, 2012 WL 2675473, 5 n.3 (E.D.Ark. 2012) (Kearney, MJ), recommendation adopted, 2012 WL 2675472 (E.D.Ark. 2012) (Holmes, J).

Friar began this case by using the prescribed form for commencing a proceeding pursuant to 28 U.S.C. 2254. The form prompted him to, inter alia, set forth each claim separately and state the facts supporting the claim. He alleged nothing in that portion of his petition, save a notation to "See Attached Points on Appeal." See Docket Entry 2 at CM/ECF 5. The attached "Points on Appeal" is simply a one page document from his brief from the direct appeal of his conviction. Although the document contains the claims he advanced on direct appeal, and presumably the claims he is raising in the case at bar, the document contains no facts to support the claims. It is not uncommon for a petition to be accompanied by other pleadings and exhibits, pleadings and exhibits from which facts might be gleaned. Here, there are no other pleadings or exhibits from which facts might be gleaned. The undersigned previously noted that Friar's petition contained few, if any, facts in support of his claims, and he was encouraged to review his petition and determine whether it contained all of the facts he wished to allege. He failed to heed that caution. Although pro se submissions like the one at bar are to be liberally construed, there is nothing here to construe in such a manner. Accordingly, the undersigned recommends that the petition be dismissed because it contains no facts in support of its claims.

IV. FRIAR'S FIRST CLAIM.[1] Friar first maintains that the state trial court erred when it denied his motion to suppress. His claim is built upon two challenges, the first of which is that there was no probable cause for his warrantless arrest. This challenge, though, warrants no relief.

---

[1] Out of an abundance of caution, the undersigned will briefly address the claims identified in the "Points on Appeal" document Friar submitted with the petition at bar. The undersigned assumes that the facts underlying the claims at bar are the same facts Friar offered in support of his claims on direct appeal.

8

Federal court review of the challenge in this instance is precluded by Stone v. Powell, 428 U.S. 465 (1976), which provides that a Fourth Amendment challenge is not cognizable in a habeas corpus proceeding if the petitioner was afforded a full and fair opportunity to litigate the issue.[2] Here, the State of Arkansas afforded Friar a full and fair opportunity to litigate the validity of his warrantless arrest, and he took advantage of the opportunity. His efforts, though, were unsuccessful as both the state trial court and the state Supreme Court rejected his challenge.

Friar offers a second reason why the state trial court erred when it denied his motion to suppress. He maintains that the police officers ignored his repeated requests for counsel, and he did not voluntarily and knowingly waive his right to counsel. This challenge also warrants no relief.

The state Supreme Court rejected Friar's challenge to his interrogation on the merits. See Friar v. State, 2016 WL 3346565, 4-7.[3] The adjudication of the challenge did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. See 28 U.S.C. 2254(d).[4] The state Supreme Court recognized clearly established federal law, credited the findings of the state trial court,

---

[2] A Fourth Amendment challenge may be cognizable in a habeas corpus proceeding, see Willett v. Lockhart, 37 F.3d 1265 (8th Cir. 1994), but the limited instances are not present here.

[3] The undersigned will not reproduce the state Supreme Court's analysis in rejecting the challenge, save to note its conclusion that "[w]hen we examine the totality of the circumstances, there is no basis to overturn the circuit court's decision." See Id., 2016 WL 3346565, 6.

[4] 28 U.S.C. 2254(d) provides that a petition pursuant to 28 U.S.C. 2254 shall not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication of the claim—(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

and reasonably applied the facts as found by the state trial court to the clearly established law. Moreover, the state Supreme Court's adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state Supreme Court's adjudication is therefore entitled to deference and is adopted in full.

V. FRIAR'S SECOND CLAIM. Friar next maintains that the state trial court erred by granting a motion in limine. Friar maintains that a third person confessed to having committed the crimes, and testimony about the confession was admissible pursuant to Arkansas Rule of Evidence 804(b)(3). Friar maintains that the state trial court erred when it barred admission of testimony about the confession. The claim, though, warrants no relief.

It is axiomatic that "federal habeas corpus relief does not lie for errors of state law." See Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quotations omitted). Instead, "a federal court is limited to deciding whether [an error] violated the Constitution, laws, or treaties of the United States." See Id. at 68. Here, Friar appears to have built his challenge to the exclusion of testimony about the confession solely on state law grounds. To the extent he did, the claim is not cognizable in this proceeding.[5]

---

[5] It is possible that Friar might have also built his claim on federal law grounds as he cited some federal authority in his briefs to the state Supreme Court. To the extent he might have built his claim on federal law grounds, the undersigned notes that the state Supreme Court considered the claim on the merits but rejected it because "Friar failed in his burden of demonstrating trustworthiness of the [testimony about the confession]." See Id., 2016 WL 3346565, 8. The adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court cited little federal law in rejecting the claim, the court's recital of the prevailing law was consistent with clearly established federal law. The state Supreme Court credited the findings of the state trial court and reasonably applied the law to the facts. Moreover, the state Supreme Court's adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state Supreme Court's adjudication is therefore entitled to deference and is adopted in full.

VI. FRIAR'S THIRD CLAIM. Friar last maintains that the state trial court erred by failing to give any lesser included instructions, even though his defense was that he was not the perpetrator. The claim, though, warrants no relief.

It appears that Friar built his challenge to the failure to give lesser included instructions solely on state law grounds. To the extent he did, his claim is not cognizable in this proceeding. See Estelle v. McGuire, supra.[6]

VII. RECOMMENDATION. Here, Friar failed to allege facts to support his claims. Assuming the facts underlying his claims are the same facts he offered on direct appeal, they warrant no relief. It is therefore recommended that his petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability should also be denied. Friar cannot make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. 2253(c)(2).

DATED this 13th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

---

[6] It is possible that Friar might have also built his claim on federal law grounds. To the extent he might have done so, the undersigned notes that the state Supreme Court considered but rejected the claim on the merits because "[g]iven Friar's defense of complete denial of any wrongdoing, we hold that the [state trial] court did not abuse its discretion by not giving instructions on lesser-included offenses." See Id., 2016 WL 3346565, 8. The adjudication of the claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court did not cite federal law in rejecting the claim, the court's recital of the prevailing law was consistent with clearly established federal law. The state Supreme Court credited the findings of the state trial court and reasonably applied the law to the facts. Moreover, the state Supreme Court's adjudication did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The state Supreme Court's adjudication is therefore entitled to deference and is adopted in full.